Merrimack District Court
No: 6820

## STATE OF NEW HAMPSHIRE v. THOMAS NEIL KAY

December 31, 1975

*Warren B. Rudman,* attorney general, and *Richard V. Wiebusch,* assistant attorney general, for the State, by brief.

*William Nussbaum* (of the Florida bar), for the defendant, filed no brief.

PER CURIAM.   The sole question transferred by *Middleton,* Sp. J., without ruling is whether the defendant's motion to dismiss the complaint should be granted. The complaint was brought under RSA 358-A:2 (Supp. 1975) (Laws 1970, 19:1), the statute then in force. It is entitled "Regulation of Business Practices for Consumer Protection". The material portions of this section read as follows:

"I. It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state. Such unfair method of competition or unfair or deceptive act or practice shall include, but is not limited to, the following:

(a) Passes off goods or services as those of another;

(b) Causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(c) Causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another; . . . ."

The complaint charges that the defendant as a representative of a Florida resort hotel association accepted $18 for a "vacation award" as a result of a mailing by the association in a vacation

sweepstakes contest. The mailing specified, and the complaint stated, that the "$18.00 fee is refundable; in return for said $18.00 fee the defendant did give 'Vacation Certificate' which specified said fee as non refundable, and which certificate defendant did sign as T. Kirby while in truth and in fact his name is Thomas Neil Kay; at the same time the defendant verbally stated the fee is refundable."

The defendant claims in his motion to dismiss that "The complaint, on its face, fails to state a criminal offense." He also asserts that the statute "sets forth the exclusive legislative remedy, as specified in RSA 358-A:4 . . . ."

We believe that the complaint fully and clearly stated the essential elements of an offense and is valid. *State v. Zetterberg,* 109 N.H. 126, 128, 244 A.2d 188, 190 (1968); *State v. Webster,* 105 N.H. 415, 417, 200 A.2d 856, 857-58 (1964). RSA 358-A:4, upon which the defendant relies as constituting the exclusive remedy, so far as material, provides in paragraph III that whenever the attorney general has reason to believe that trade or commerce declared unlawful by section 2 has been, is being, or is about to be conducted by any person he may bring an action against such person to restrain by temporary or permanent injunction the use of such trade or commerce. The action may be brought in the superior court of the county in which the person resides or has a principal place of business or with the consent of the parties, or if the person is a nonresident and has no place of business within the State, in the Superior Court of Merrimack County.

It is the intent of RSA ch. 358-A to protect the public from just such unfair, deceptive and chicanerous actions as the defendant is charged with committing. To adopt his construction of the statute in effect would encourage under the circumstances of this case the very conduct which the legislature sought to prevent. This is so because injunctive relief appears a futility in such cases as the present where the defendant resides outside the State and the likelihood of his repeating the offense is practically nonexistent.

Section 6 I states that "Any person convicted of violating section 2 hereof shall be guilty of a misdemeanor and shall be fined not more than one thousand dollars."

It is not to be presumed that the legislature would pass an act leading to an absurd result and nullifying to an appreciable extent the purpose of the statute. *State v. Woodman,* 114 N.H. 497, 500, 323 A.2d 921, 923 (1974). The statute should be construed reasonably to permit the district court to assume jurisdiction over this

misdemeanor and not so interpreted as to produce an illogical result. *Doe v. State,* 114 N.H. 714, 328 A.2d 784 (1974). If the defendant's acts as alleged in the complaint are proved, they would constitute a violation of section 2.

The defendant's motion to dismiss is denied, and the order is

*Remanded.*