Belknap
No. 7336

ARTHUR LESSARD & SONS, INC. v. JAMES H. KAKIDES, SR.

January 31, 1976

*Nighswander, Lord, Martin & KillKelley* and *Walter L. Mitchell (Mr. Mitchell* orally) for the plaintiff.

*Charles H. Bradley III,* by brief and orally, amicus curiae.

GRIMES, J. The question in this case is whether, in a civil action when the damages claimed do not exceed three thousand dollars and the title to real estate is not involved and jury trial is not claimed, the superior court has original jurisdiction or whether it is

within the exclusive jurisdiction of the district court under RSA 502-A:14 (Supp. 1975) and RSA 502-A:15. We hold that the superior court has original jurisdiction concurrent with the district court.

Plaintiff brought suit on a note in the amount of $900 in the Superior Court for Belknap County. Counsel for the defendant appeared and then withdrew. The Court *(Batchelder,* J.) raised the question of jurisdiction and transferred it without ruling.

RSA 502-A:14 I (Supp. 1975) entitled "Exclusive Jurisdiction" provides in pertinent part that "All district courts shall have original and exclusive jurisdiction of civil cases in which the damages claimed do not exceed five hundred dollars, the title to real estate is not involved and the plaintiff or defendant resides within the district . . . ."

RSA 502-A:14 II (Supp. 1975) entitled "Concurrent Jurisdiction" provides: "All district courts shall have concurrent jurisdiction with the superior court of civil actions for damages in which the damages claimed do not exceed three thousand dollars, the title to real estate is not involved and the plaintiff or defendant resides within the district where such court is located. In all such actions unless trial by jury is claimed as hereinafter provided, the parties shall be heard by the justice or special justice and the findings of fact shall be final but questions of law may be transferred to the supreme court in the same manner as from the superior court."

RSA 502-A:15 provides for transfer and trial of the case in superior court if the defendant claims jury or the title to real estate is involved.

It is contended that the last sentence of section 14 II in referring to "all such actions" and providing for hearing before "the justice or special justice" if no jury trial is claimed indicates that the legislature intended to confer exclusive jurisdiction on the district court in all cases involving damages up to $3,000 if the title to real estate is not involved and no jury trial is claimed since there are no special justices in the superior court. It is claimed that unless the plaintiff desires a jury trial, he must bring his action in the district court from which it will be transferred only if the defendant claims jury or the title to real estate is involved.

Such a construction ignores the rule that the legislative intent of a statute "is to be determined from its language as a whole and not from a particular word or phrase", *Plymouth School Dist. v. State Bd. of Educ.,* 112 N.H. 74, 77, 289 A.2d 73 (1972), and that all parts of an act must be considered as a whole. *Hancock v. Concord,* 114 N.H.

404, 322 A.2d 605 (1974); *Piecuch v. Manchester,* 114 N.H. 8, 314 A.2d 642 (1974).

RSA 502-A:14 I (Supp. 1975) is entitled "Exclusive Jurisdiction" and the language of the section itself specifically confers "exclusive jurisdiction". This exclusive jurisdiction, however, is confined to cases where the damages do not exceed $500.00. Section 14 II, however, is not only entitled "Concurrent Jurisdiction" but the only jurisdiction conferred by the language of the section is "concurrent with the superior court". This jurisdiction is conferred in the first sentence. The second sentence does not purport to relate to jurisdiction but to provide the procedure in cases which are tried in the district court. "[A]ll such actions" refers to all actions begun in the district court where the title to real estate is not involved and no jury trial is claimed. It is the same language as is found in the last sentence of section 14 I. The only jurisdiction conferred by section 14 II is expressly made concurrent and there is nothing in the last sentence which modifies the clear intention thus expressed.

*Remanded.*

All concurred.