Concord District Court
No. 83-179

*In re* ERIC C.

December 7, 1983

*Gregory H. Smith*, attorney general (*Betsy S. Westgate*, assistant attorney general, by brief and orally), for the State.

*Perkins, Upshall & Robinson*, of Concord (*Thomas G. Cooper* on the brief and orally), for the defendant.

PER CURIAM. The defendant appeals two orders issued by the Concord District Court (*Robbins*, J.), denying his motions to dismiss for lack of a speedy trial. The sole issue is whether the district court must dismiss a petition against a juvenile whose adjudicatory hearing is not held within the time limits prescribed by RSA 169-B:14, II (Supp. 1981), when the juvenile has neither caused nor requested a delay in the proceeding. We reaffirm that RSA 169-B:14, II (Supp. 1981) establishes mandatory time limits, and thus the district court

must dismiss a juvenile petition when, through no fault of the juvenile, an adjudicatory hearing is not held within the statutory time limits.

A juvenile petition was filed against the defendant on December 9, 1982, alleging that he had committed second degree assault in violation of RSA 631:2, I (Supp. 1981). The defendant appeared and was arraigned on January 6, 1983. At arraignment, the defendant's counsel, in order to accommodate the calendar of the court, waived for a one-day period the defendant's right to an adjudicatory hearing within thirty days. The juvenile petition was to be heard on February 7, 1983. On that date, the afternoon session of the Concord District Court was cancelled, due to a snow emergency, and the defendant's adjudicatory hearing was rescheduled for March 7, 1983. On March 1, 1983, the defendant filed a motion to dismiss for failure to comply with the time limits prescribed in RSA 169-B:14, II (Supp. 1981). The motion was denied, and the adjudicatory hearing was rescheduled for April 4, 1983, eighty-eight days from the date of the defendant's arraignment. On March 22, 1983, the defendant again filed a motion to dismiss based upon the court's failure to comply with the statutorily prescribed time limits. The motion was denied, and the defendant subsequently was found guilty of simple assault. The defendant then petitioned this court to review the issues raised in the two motions to dismiss.

■■ RSA chapter 169-B is part of a comprehensive juvenile justice system that has as its primary concern the welfare of the child. It "guarantee[s] children their constitutional rights, and encourage[s] the use of rehabilitative and treatment resources whenever possible. . . . [T]he primary goal of the [juvenile] . . . law is to treat and not [to] punish. . . ." *In re Russell C.*, 120 N.H. 260, 266, 414 A.2d 934, 937 (1980).

■■ Recognizing the impact that delays in a court proceeding may have on a juvenile, the statute's time limits on juvenile adjudicatory hearings are "a legislative pronouncement of a child's right to the expeditious resolution of his alleged delinquency." *Id.* The time limits reflect the legislative concern for procedural due process. We reiterate that RSA chapter 169-B prescribes mandatory time limits on the holding of adjudicatory hearings and that the time limits "effectuate a substantive right requiring the court to forfeit jurisdiction if not complied with, unless such noncompliance is the result of a delay caused or requested by the juvenile. . . ." *Id.* at 268, 414 A.2d at 938.

■ RSA 169-B:14, II (Supp. 1981) requires that an adjudicatory

hearing be held within thirty days of arraignment when a juvenile, as in this case, has not been detained. In the instant case, the adjudicatory hearing was not held until eighty-eight days after arraignment. The delay was not caused or requested by the juvenile. Therefore, the district court forfeited jurisdiction and should have dismissed the juvenile petition with prejudice.

■ The State argues that dismissal of the juvenile petition, due to a delay caused by an unforeseen and an unanticipated emergency, is unreasonable, illogical and inconsistent with the purposes of RSA chapter 169-B. In *In re Russell C.*, 120 N.H. 260, 414 A.2d 934 (1980), we acknowledged that mandatory time limits could arguably defeat the goals of the statute when strictly applied "by letting juveniles 'out on the street' who are in need of rehabilitation." *Id.* at 266, 414 A.2d at 937–38. We held, however, that the time limits are rooted in the juvenile's right to due process and, thus, "this result was intended by the legislature, and [we] do not find it absurd, unjust, or illogical." *Id.* at 266, 414 A.2d at 938. We reaffirm our holding in *In re Russell C.* and note that if the statute were being incorrectly construed by us, the legislature has had two sessions since 1980 in which it could have amended RSA 169-B:14, II (Supp. 1981).

■■ The district courts must schedule hearings on juvenile petitions sufficiently early within the thirty-day period to provide a safeguard against delay of the hearings until after the thirty-day limit because of circumstances beyond the control of the court or the State. There is no exception provided for in the statute, and "[i]t is not our function to redraft legislation to make it conform to an intention not fairly expressed in the language of the statute." *Id.* at 268, 414 A.2d at 938.

*Reversed.*

BROCK, J., did not sit.