Merrimack
No. 82-253

THE STATE OF NEW HAMPSHIRE

v.

DAWN SMITH

February 23, 1984

*Gregory H. Smith*, attorney general (*Martha V. Gordon*, assistant attorney general, on the brief, and *Edna M. Conway*, attorney, orally), for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

DOUGLAS, J. The defendant, Dawn Smith, was charged with reckless driving, death resulting, a class B felony, in violation of former RSA 262-A:61 (now RSA 265:79 (Supp. 1983)). She was sixteen years old and held a valid New Hampshire driver's license at the time of the alleged offense.

RSA chapter 169-B (Supp. 1983) gives the district courts exclusive jurisdiction over any person under the age of eighteen who is charged with the commission of an offense which would be a felony or a misdemeanor if committed by an adult. RSA 169-B:1–:4 (Supp. 1983). If the alleged offense would be a felony if committed by an adult, the district court must conduct a hearing to determine whether the case should be transferred to the superior court. RSA 169-B:24 (Supp. 1983). If the case is transferred, or "certified," the superior court may then treat the accused minor as an adult. RSA 169-B:24 (Supp. 1983).

RSA 169-B:32 (Supp. 1983) provides an exception to this statutory scheme vesting district courts with exclusive jurisdiction over accused minors in the first instance:

> "This chapter shall not be construed as applying to persons 16 years of age or over who are charged with the violation of a motor vehicle law, an aeronautics law, a law relating to navigation or boats, a fish and game law, a law

"relating to Title XIII or any town or municipal ordinance which provides for a penalty not exceeding $100 plus the penalty assessment."

In the instant case, the State, relying on the above motor vehicle exception, obtained an indictment in the superior court and sought thereby to treat the defendant as an adult. The defendant moved to dismiss the indictment, asserting that she was entitled to a certification hearing under RSA 169-B:24 (Supp. 1983) before she could be prosecuted as an adult for a class B felony. The Trial Court (*Cann*, J.) deferred ruling on the dismissal motion and granted the defendant's request for interlocutory transfer. We conclude that her motion to dismiss must be granted.

The defendant argues that in using the phrase "violation of a motor vehicle law," the legislature did not intend to include the class B felony of reckless driving, death resulting. RSA 262-A:61 (now RSA 265:79 (Supp. 1983)). She contends that any other construction would conflict with the clear legislative purposes of RSA chapter 169-B (Supp. 1983).

■■ RSA 169-B:32 (Supp. 1983) does not define a "violation of a motor vehicle law." Nor does such a definition appear elsewhere in RSA chapter 169-B (Supp. 1983). It is well settled, however, that the intent of a statute is determined from its construction as a whole and not by separate construction of isolated words and phrases. *Arthur Lessard & Sons, Inc. v. Kakides*, 116 N.H. 50, 51, 351 A.2d 61, 62 (1976). Hence, we must construe RSA 169-B:32 (Supp. 1983) within the broader language and purposes of RSA chapter 169-B (Supp. 1983).

■■ The legislature enacted RSA chapter 169-B (Supp. 1983) as part of a "comprehensive juvenile justice system that has as its primary concern the welfare of the child." *In re Eric C.*, 124 N.H. 222, 224, 469 A.2d 1305, 1306 (1983). Although the objectives of RSA chapter 169-B (Supp. 1983) are varied, "[i]n prior decisions we have ... defined the legislative purpose ... as being 'not penal but protective; not that the child shall be punished for breach of law, but that he shall have a better chance to become a worthy citizen.'" *State v. Smagula*, 117 N.H. 663, 666, 377 A.2d 608, 610 (1977) (quoting *In re Perham*, 104 N.H. 276, 276, 184 A.2d 449, 450 (1962)); *In re Poulin*, 100 N.H. 458, 458, 129 A.2d 672, 673 (1957).

■ More specifically, we have stated: "The primary purpose of the Legislature was to shield children under eighteen from the environment surrounding adult offenders and inherent in the ordi-

nary criminal processes. As an incident to the accomplishment of this purpose, proceedings involving children under eighteen are so conducted as to prevent attachment of the stigma of a criminal by reason of conduct resulting from immature judgment." *State v. Lemelin*, 101 N.H. 404, 406, 144 A.2d 916, 918 (1958) (citations omitted); *see also* RSA 169-B:1, II (Supp. 1983) (purpose of chapter is "to remove from a minor committing a delinquency offense the taint of criminality and the penal consequences of criminal behavior").

■ Accordingly, the legislature, in RSA 169-B:24 (Supp. 1983), specifies the circumstances and safeguards under which a juvenile accused of a felony may be tried as an adult. Foremost among those protections is the transfer, or certification, hearing. In *State v. Smagula*, 117 N.H. 663, 666–67, 377 A.2d 608, 610 (1977), we emphasized that the determination of whether to transfer a child from the structure of the juvenile system to the criminal processes of the superior court is critically important. We reasoned:

> "[n]ot only is the juvenile exposed to the probability of severe punishment, but the confidentiality and individuality of the juvenile proceeding is replaced by the publicity and normative concepts of penal law; the child acquires a public arrest record which, even if he is acquitted, will inhibit his rehabilitation because of the opprobrium attached thereto by prospective employers; if convicted as an adult, the child may be detained well past his twenty-first birthday; he may lose certain civil rights and be disqualified for public employment."

*Id.* at 667, 377 A.2d at 610 (quoting Schornhorst, *The Waiver of Juvenile Court Jurisdiction: Kent Revisited*, 43 IND. L.J. 583, 586–87 (1968)).

■ It is against this background that we must construe the phrase "violation of a motor vehicle law." RSA 169-B:32 (Supp. 1983). The exclusion of motor vehicle proceedings from the juvenile justice system is of no real consequence in most instances. The rehabilitative and protective mechanisms of RSA chapter 169-B (Supp. 1983) are generally neither necessary nor appropriate when minors violate traffic regulations. It is only in those unusual situations when an offense is both a felony *and* arguably a "motor vehicle violation" that the policies of RSA chapter 169-B (Supp. 1983) and RSA 169-B:32 (Supp. 1983) clash.

■■ When a juvenile is charged with a felony, the consequences of his or her being tried as an adult are severe. The length and con-

ditions of incarceration are potentially harsh, and the juvenile is likely to be exposed to adult offenders. The grave consequences to a young offender facing a felony charge as an adult are precisely those from which the statute seeks to protect the child. Hence, to handle a serious motor vehicle offense in the same manner as a minor traffic offense is inappropriate. "It is not to be presumed that the legislature would pass an act leading to an absurd result and nullifying to an appreciable extent the purpose of the statute." *State v. Kay*, 115 N.H. 696, 698, 350 A.2d 336, 338 (1975). Thus, the statute will be construed reasonably so as not to produce an illogical result. *Id.* at 698–99, 350 A.2d at 338.

 We conclude that the purposes of the statute, taken together with the statutory language that the "chapter shall be liberally interpreted, construed, and administered . . . to effectuate the . . . purposes and policies [thereof]," RSA 169-B:1 (Supp. 1983), mandate our finding that the legislature did not intend to include the class B felony of reckless driving, death resulting, within the exception in RSA 169-B:32 (Supp. 1983). We hold, therefore, that jurisdiction over minors accused of felonies must in the first instance be in the juvenile courts, and that no such minor shall face trial as an adult in superior court, regardless of the incidental legislative classification of the alleged felony, without first undergoing a certification hearing under RSA 169-B:24 (Supp. 1983).

Our holding is a narrow one and, because our decision is based upon the construction of the statutes, we do not reach the constitutional questions presented.

*Remanded.*

SOUTER, J., did not sit; the others concurred.