Hillsborough-southern judicial district
No. 93-768

THE STATE OF NEW HAMPSHIRE

v.

GEORGE ARRIS

March 28, 1995

*Jeffrey R. Howard,* attorney general (*Sharon J. Fray-Witzer,* attorney, by brief and orally), for the State.

*Kinghorn & Maynard, P.A.,* of Nashua (*Clifford R. Kinghorn, Jr.* and *Eric R. Wilson* on the brief, and *Mr. Wilson* orally), for the defendant.

MEMORANDUM OPINION

JOHNSON, J. The defendant, George Arris, appeals his conviction of sexual assault. *See* RSA 632-A:4 (1986). He argues that the Superior Court (*Murphy,* J.) should have instructed the jury that sexual penetration is an element of the offense as charged. We affirm.

The State filed an information against Arris, charging that he

> did[ ] purposely cause sexual contact to [the victim] by biting her right breast several times under circumstances named in RSA 632-A:2, to wit: before she had an adequate chance to flee or resist through concealment or by the element of surprise as [the victim] has been blind since birth and could not see what George Arris was doing or intended to do, contrary to RSA 632-A:4 . . . .

At trial, Arris requested a jury instruction requiring acquittal on the sexual assault charge unless the State proved sexual penetration beyond a reasonable doubt. The court declined, and Arris objected. Upon conviction, Arris appealed.

Arris was charged under RSA 632-A:4, governing sexual assault. The statute states: "A person is guilty of a misdemeanor if he subjects another person who is 13 years of age or older to sexual contact under any of the circumstances named in RSA 632-A:2." Former RSA 632-A:2 (1986) (current version at RSA 632-A:2 (Supp. 1994)), governing aggravated felonious sexual assault, begins: "A person is guilty of a class A felony if he engages in sexual penetration with another person under any of the following circumstances . . . ." Eleven "circumstances" follow, the relevant one being RSA 632-A:2, IX: "When the actor through concealment or by the element of surprise is able to cause sexual penetration with the victim before the victim has an adequate chance to flee or resist."

Arris argues on appeal that sexual penetration is an element of the crime the State charged him with committing. He cites RSA 632-A:2, IX, which uses the term "sexual penetration" in describing the circumstance under which he was charged. Arris also raises several constitutional arguments, but as none of them were raised below, we do not address them. *See State v. Giordano,* 138 N.H. 90, 93, 635 A.2d 482, 483 (1993).

█ "On questions of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *State v. Johnson,* 134 N.H. 570, 575, 595 A.2d 498, 502 (1991) (quotation omitted). Moreover, "[t]he rule that penal statutes are to be strictly construed does not apply to [the criminal] code. All provisions of [the] code shall be construed according to the fair import of their terms and to promote justice." RSA 625:3 (1986). We agree with the State's position that Arris's construction of RSA 632-A:4 and RSA 632-A:2, IX would impose upon the State a burden not intended by the legislature.

█ The elemental distinction between aggravated felonious sexual assault, RSA 632-A:2, and sexual assault, RSA 632-A:4, is the conduct proscribed. RSA 632-A:2 prohibits sexual penetration under any one of several enumerated circumstances. RSA 632-A:4 forbids sexual contact under the same circumstances. The term "sexual penetration" is not a defining element of circumstance IX of RSA 632-A:2; rather, it simply refers to the conduct proscribed by RSA 632-A:2. "[A] person must commit 'sexual penetration' to be guilty of aggravated felonious sexual assault, but to be guilty of sexual assault, he need only commit sexual contact under circumstances set forth in RSA 632-A:2 (Supp. 1979)." *State v. vonKlock,* 121 N.H. 697, 701, 433 A.2d 1299, 1302 (1981) (citations omitted), *overruled on other grounds by State v. Smith,* 127 N.H. 433, 438, 503 A.2d 774, 777 (1985).

█ Arris maintains that sexual penetration is a necessary element of circumstance IX, even in a sexual assault prosecution. This argument must fail. Although sexual penetration is defined by former RSA 632-A:1, V (1986) (current version at RSA 632-A:1, V (Supp. 1994)) without reference to a mental state, the context of circumstance IX plainly connotes a knowing frame of mind with respect to this act. Circumstance IX reads: "When the actor *through concealment or by the element of surprise is able to cause* sexual penetration with the victim before the victim has an adequate chance to flee or resist." RSA 632-A:2, IX (emphasis added). If Arris were correct, knowing sexual penetration would have to be established in any sexual assault prosecution brought under circumstance IX. In essence then, the State would have to prove aggravated felonious sexual assault whenever it sought to make use of circumstance IX. *Compare* RSA 632-A:2 *with* RSA 632-A:4; *see State v. Ayer,* 136 N.H. 191, 193–94, 612 A.2d 923, 924-25 (1992) (knowing mental state is element of aggravated felonious sexual assault). The crime of sexual assault under circumstance IX would thus become meaningless. "It is not to be presumed that the legislature would pass an act leading to an absurd result and nullifying

to an appreciable extent the purpose of the statute." *State v. Kay*, 115 N.H. 696, 698, 350 A.2d 336, 338 (1975); *see* RSA 625:3.

*Affirmed.*

HORTON, J., dissented; the others concurred.

HORTON, J., dissenting: It appears to me that the "circumstance" alleged to support the misdemeanor sexual assault conviction requires proof of sexual penetration in fact. RSA 632-A:4 (1986) does not punish all sexual contact with a person thirteen years of age or over, nor even all unprivileged or unwanted sexual contact. It makes the contact a misdemeanor sexual assault only under the circumstances named in RSA 632-A:2 (1986) (current version at RSA 632-A:2 (Supp. 1994)). The State based its charge on circumstance IX: "[w]hen the actor through concealment or by the element of surprise *is able to cause sexual penetration* with the victim before the victim has an adequate chance to flee or resist." RSA 632-A:2, IX (emphasis added). Thus concealment or surprise alone does not satisfy the circumstance. It must be concealment or surprise that enables the actor to cause sexual penetration.

The legislature said precisely what it meant. It did not intend to convert a simple assault, "[p]urposely or knowingly caus[ing] . . . unprivileged physical contact to another," RSA 631:2-a (1986), into a sexual crime for the myriad of unwanted sexual contacts that occur in society to victims thirteen years of age or older. It did not intend this result even when the actor used concealment or surprise. It intended to require some relatively serious aggravators for this conversion. The circumstance IX aggravator rises to this level only when the concealment or surprise results in sexual penetration in fact. A review of the eleven aggravator circumstances set forth in RSA 632-A:2 discloses no other instance where the circumstance act requires a causal result. The causal result in circumstance IX is there for the purpose of defining the circumstance.

Nor does circumstance IX become meaningless. The sexual penetration necessary to trigger the circumstance need not involve a *mens rea*. If it was knowing or purposeful the correct charge would be aggravated felonious sexual assault. RSA 632-A:2, IX. The triggering penetration may be accidental in the course of sexual *contact*. In that case, circumstance IX would be a proper basis for a misdemeanor sexual assault charge. RSA 632-A:4.

The jury should have been required to find sexual penetration in fact to convict in this case. I would reverse. Accordingly, I respectfully dissent.