Cheshire
No. 95-801

### THE STATE OF NEW HAMPSHIRE

v.

### TODD A. FERGUSON

November 18, 1996

*Jeffrey R. Howard*, attorney general (*Cynthia L. White*, assistant attorney general, on the brief, and *Jeffrey S. Cahill*, assistant attorney general, orally), for the State.

*James E. Duggan*, chief appellate defender, by brief and orally, for the defendant.

JOHNSON, J. Three days after his thirty-first birthday, the defendant, Todd A. Ferguson, was indicted for aggravated felonious sexual assault, *see* RSA 632-A:2, I(l) (1996), a crime he allegedly committed when he was seventeen years old. He moved to dismiss for lack of superior court jurisdiction, citing the district court's exclusive original jurisdiction over delinquency proceedings. *See* RSA 169-B:3 (1994). He argued that because of his age at the time of the alleged offense, he is an alleged delinquent. *See* RSA 169-B:2, IV (1994) (amended 1995). Accordingly, he contended, the State may proceed against him only in the district court under the provisions of RSA chapter 169-B (1994 & Supp. 1995). The Superior Court (*Mangones*, J.) denied the motion and transferred the jurisdictional question to this court. *See* SUP. CT. R. 8. We affirm and remand.

To answer the transferred question, we must determine the intent of the legislature in enacting RSA chapter 169-B. "[T]his court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *State v. Woods*, 139 N.H. 399, 400, 654 A.2d 960, 961 (1995) (quotation omitted). We read statutory provisions "not in isolation, but in the context of the overall statutory scheme." *State v. Farrow*, 140 N.H. 473, 475, 667 A.2d 1029, 1031 (1995).

> All statutes upon the same subject-matter are to be considered in interpreting any one of them. Where reasonably possible, statutes should be construed as consistent with each other. When interpreting two statutes which deal with a similar subject matter, we will construe them so that they do not contradict each other, and so that they will lead to reasonable results and effectuate the legislative purpose of the statute.

*Id.* (citations, quotations, and brackets omitted). "We will not place a literal interpretation on a phrase when doing so removes it from

the context of the whole . . . ." *State v. Johnson*, 134 N.H. 570, 576, 595 A.2d 498, 502 (1991).

We first examine RSA 169-B:3 and RSA 169-B:2, IV, on which the defendant chiefly relies. RSA 169-B:3 states that the district court "shall have exclusive original jurisdiction over all proceedings alleging delinquency." *See* RSA 169-B:2, III (1994). RSA chapter 169-B does not define the term "delinquency," but RSA 169-B:2, IV defines "delinquent" as

> a person who has committed an offense before reaching the age of 18 years which would be a felony or misdemeanor under the criminal code of this state if committed by an adult, and is expressly found to be in need of counselling, supervision, treatment, or rehabilitation as a consequence thereof.

RSA 169-B:2, IV (1994) (amended 1995 to reduce age to seventeen). We assume for the sake of argument that the State's action against the defendant can be characterized as a proceeding alleging him to be a "delinquent" under RSA 169-B:2, IV and that, as such, it is a "proceeding[] alleging delinquency" under RSA 169-B:3. Moreover, we recognize that RSA 169-B:2, IV — if read literally and in isolation — supports the defendant's argument that the district court has exclusive original jurisdiction over his case. We nonetheless reject his position because his construction of RSA 169-B:2, IV sets that statute unnecessarily in conflict with other provisions of RSA chapter 169-B. *See Farrow*, 140 N.H. at 475, 667 A.2d at 1031.

One of these provisions is RSA 169-B:1 (1994) (amended 1995). It begins: "This chapter shall apply to delinquent children as defined in RSA 169-B:2." As discussed above, RSA 169-B:2, IV defines "delinquent," but no part of RSA chapter 169-B defines "delinquent children." We thus ascribe to the term its plain and ordinary meaning. *See Woods*, 139 N.H. at 400, 654 A.2d at 961. Given the plain and ordinary meaning of "children," we find it unlikely that the legislature intended the district court to apply the provisions of RSA chapter 169-B to a thirty-one-year-old adult, regardless of the definition it chose for the term "delinquent." *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 388 (unabridged ed. 1961) (defining "child").

RSA 169-B:1 continues:

> This chapter shall be liberally interpreted, construed and administered *to effectuate the following purposes and policies:*

I. To encourage the wholesome moral, mental, emotional, and physical development of each *minor* coming within the provisions of this chapter, by providing him with the protection, care, treatment, counselling, supervision, and rehabilitative resources which he needs and has a right to receive;

II. Consistent with the protection of the public interest, to remove from a *minor* committing a delinquency offense the taint of criminality and the penal consequences of criminal behavior, by substituting therefor an individual program of counselling, supervision, treatment, and rehabilitation;

III. To achieve the foregoing purposes and policies, whenever possible, by keeping a *minor* in contact with his home community and in a family environment by preserving the unity of the family and separating the *minor* from his parents only when it is clearly necessary for his welfare or the interests of public safety and when it can be clearly shown that a change in custody and control will plainly better the *minor*; and

IV. To provide effective judicial procedures through which the provisions of this chapter are executed and enforced and which recognize and enforce the constitutional and other rights of the parties and assures them a fair hearing.

(Emphasis added.) We find it significant that this section uses the term "minor" to refer to the subject of a delinquency proceeding. Other key provisions of RSA chapter 169-B do the same. *E.g.*, RSA 169-B:5 (1994) (venue), :6 (1994) (petition alleging delinquency), :16 (1994) (amended 1995) (adjudicatory hearing), :24 (1994) (amended 1995) (transfer to superior court), :29 (1994) (amended 1995) (appeals). "Minor" is defined as "a person under the age of 18." RSA 169-B:2, VI (1994) (amended 1995 to reduce age to seventeen). The defendant is obviously not a minor.

Moreover, the defendant's interpretation of RSA 169-B:2, IV would effectuate none of the purposes or policies enumerated in section RSA 169-B:1. As we noted in *In re Eric C.*, 124 N.H. 222, 224, 469 A.2d 1305, 1306 (1983), "RSA chapter 169-B is part of a comprehensive juvenile justice system that has as its primary concern the welfare of the child." The defendant is not a child.

The primary purpose of the Legislature in enacting RSA chapter 169-B was to shield children under eighteen from

the environment surrounding adult offenders and inherent in the ordinary criminal processes. As an incident to the accomplishment of this purpose, proceedings involving children under eighteen are so conducted as to prevent attachment of the stigma of a criminal by reason of conduct resulting from immature judgment.

*State v. Benoit*, 126 N.H. 6, 12, 490 A.2d 295, 299 (1985) (quotations, brackets, and emphasis omitted). As the State points out in its brief, a thirty-one-year-old man "has no need to be protected from the environment surrounding others his own age who are being prosecuted for similar crimes."

Another section of RSA chapter 169-B at odds with the defendant's interpretation is RSA 169-B:4 (1994) (amended 1995). It reads:

I. The [district] court shall have jurisdiction over any person with respect to whom a petition is filed under this chapter after his eighteenth and before his nineteenth birthday for an alleged delinquency offense committed before his eighteenth birthday, provided no person may be detained at or committed to the youth development center after his eighteenth birthday.

II. The [district] court may, with the consent of the child, retain jurisdiction over any child under this section who is attending school for the purpose of obtaining a high school diploma or general equivalency diploma. The court shall make orders relative to the support and maintenance of the child during the period after the child's eighteenth birthday as justice may require.

III. The [district] court shall close the case when the child reaches age 18, or if jurisdiction is retained, when the child ceases to be enrolled as a full-time student during sessions of the school, or graduates from such school, or upon reaching the age of 21, whichever shall first occur.

*Id.* "[W]e presume that the legislature does not enact unnecessary and duplicative provisions." *State v. Powell*, 132 N.H. 562, 568, 567 A.2d 568, 572 (1989) (quotation omitted). If the legislature had intended RSA chapter 169-B to apply to persons of any age, there would have been no need for RSA 169-B:4, I, specifically allowing a petition to be filed after an alleged delinquent's eighteenth birthday but before his or her nineteenth birthday. RSA 169-B:4, III, moreover, requires the district court to close a delinquency case no

later than the alleged delinquent's twenty-first birthday. It would make no sense to allow the court to open a case that must immediately be closed. *Cf. State v. Arris*, 139 N.H. 469, 471, 656 A.2d 828, 829 (1995) (legislature not presumed to pass act leading to absurd result or to nullification of statute's purpose).

 As we stated in a similar case involving an earlier version of RSA 169-B:4:

> No juvenile petition having been filed before [the defendant] became nineteen, the [district] court does not have jurisdiction. This does not mean, however, that the State may not proceed against him. The nineteen-year limit is not a statute of limitations on proceedings based on acts occurring prior to the eighteenth birthday, but is rather a delineation of court jurisdiction based on age.

*State v. Gomes*, 116 N.H. 591, 594, 364 A.2d 1260, 1262 (1976); *see* Laws 1975, 502:13. RSA 169-B:4, I, and III grant the district court jurisdiction over cases involving persons between the ages of eighteen and twenty-one in certain limited instances. RSA 169-B:2, IV defines "delinquent" broadly to account for such instances. Although a literal reading of RSA 169-B:2, IV leaves open the possibility of a thirty-one-year-old delinquent, this possibility is foreclosed by the plain language of RSA 169-B:4 and the evident intention of the legislature in enacting RSA chapter 169-B. *See Farrow*, 140 N.H. at 475, 667 A.2d at 1031; *Johnson*, 134 N.H. at 576, 595 A.2d at 502. We conclude that the superior court, and not the district court, has jurisdiction over the defendant's case.

*Affirmed and remanded.*

All concurred.