Hillsborough-southern judicial district
No. 2001-392

THE STATE OF NEW HAMPSHIRE

v.

MATTHEW GIFFORD

Argued: June 12, 2002
Opinion Issued: August 16, 2002

*Philip T. McLaughlin,* attorney general (*David W. Ruoff,* attorney, on the brief and orally), for the State.

*David M. Rothstein,* deputy chief appellate defender, of Concord, by brief and orally, for the defendant.

NADEAU, J. This is an interlocutory transfer without ruling from the Superior Court (*Galway,* J.). At issue is the criminal responsibility of a twenty-two-year-old defendant for acts allegedly committed when the defendant was thirteen years old. We hold that RSA 628:1 does not bar prosecution of the defendant and the certification requirement must be satisfied despite the language of RSA 169-B:4, VII.

The relevant facts follow. In November 2000, the defendant, Matthew Gifford, was indicted for aggravated felonious sexual assault, a crime he allegedly committed between August 1990 and May 1992 when he was between eleven and thirteen years old. The defendant filed a notice of immaturity defense and request for pretrial ruling. The superior court dismissed the indictments for the acts that allegedly occurred before the defendant's thirteenth birthday and held in abeyance rulings on the indictments alleging offenses that occurred after the defendant reached age thirteen. In accordance with Supreme Court Rule 9, the superior court transferred the following question of law to this court:

> Whether RSA 628:1, which provides that a person between the ages of thirteen and fifteen may be held criminally responsible for aggravated felonious sexual assault if his case is transferred to the superior court pursuant to RSA 169-B:24, bars the prosecution of a twenty-two year-old defendant who allegedly committed aggravated felonious sexual assault while he was thirteen years old?

To answer the transferred question, we will address each applicable statute in the context of the overall statutory scheme and we will interpret similar statutes consistently so they do not contradict each other. *See State v. Farrow,* 140 N.H. 473, 475 (1995). We begin with RSA 628:1, II which provides in pertinent part:

> A person 13 years of age or older may be held criminally responsible for the following offenses if that case is transferred to the superior court under the provisions of RSA 169-B:24:
>
> . . . .

> (e) Aggravated felonious sexual assault as defined in RSA 632-A:2.

RSA 628:1, II (Supp. 2001). The defendant argues that since he was thirteen years old at the time of the alleged offenses, the State cannot prosecute him without first certifying him to the superior court. *See* RSA 628:1, I, II. Furthermore, the defendant contends that the State is unable to certify him to the superior court as directed by RSA 628:1, II because RSA chapter 169-B does not apply to adult defendants and therefore, under these circumstances, the indictments should be dismissed. *See State v. Ferguson*, 141 N.H. 438, 439 (1996).

The defendant's argument is based on our holding in *State v. Ferguson*. In *Ferguson*, the thirty-one-year-old defendant was charged with a crime he allegedly committed when he was seventeen years old. *See id.* at 439. The defendant moved to dismiss for lack of superior court jurisdiction. *See id.* He argued that because of his age at the time of the crime he was a delinquent and pursuant to RSA 169-B:3 the district court had exclusive jurisdiction. *See id.* We held that the legislature enacted RSA chapter 169-B to protect the welfare of children and it did not apply to adult defendants. *See id.* at 440. Therefore, the superior court's jurisdiction was proper. *See id.* at 443.

The State urges us to reject the defendant's argument because his application of RSA 628:1, II ignores RSA 169-B:4, VII which grants the superior court jurisdiction over the defendant without the certification requirement. *See Farrow*, 140 N.H. at 475; RSA 169-B:4, VII (2002). RSA 169-B:4, VII reads:

> In any instance in which the statute of limitations has not tolled and no juvenile petition has been filed based upon acts committed before the minor's seventeenth birthday, the state may proceed against the person in the criminal justice system after that person's eighteenth birthday.

The State argues that this provision clearly authorizes holding adult defendants criminally responsible for acts committed while they were juveniles and there is no need for certification. We disagree.

We presume that the legislature does not enact unnecessary and duplicative provisions. *State v. Powell*, 132 N.H. 562, 568 (1989). A specific law controls a specific case over a general law. *In re Gamble*, 118 N.H. 771, 777 (1978). If the legislature intended RSA 169-B:4, VII to apply to defendants of any age, there would have been no need to enact RSA 628:1, II, which specifically addresses persons between the ages of thirteen and fifteen. We hold that jurisdiction over the defendant is controlled by RSA

628:1, II and not RSA 169-B:4, VII. RSA 628:1, II was intended to protect the defendant at the time of the alleged act. He could not be held criminally responsible unless the State could persuade the district court that he should be responsible and that the case should be transferred to superior court. To permit prosecution now, without an evaluation of the criteria under RSA 169-B:24, would render meaningless the protections of the criminal responsibility statute. Therefore, although the prosecution of the defendant is not barred, the certification requirement must be satisfied despite the language of RSA 169-B:4, VII.

For the foregoing reasons, we remand this case to the superior court for further proceedings in accordance with this opinion.

*Remanded.*

BROCK, C.J., and DALIANIS and DUGGAN, JJ., concurred.