Portsmouth District Court,
No. 5923.

STATE *ex rel* ANN FORTIN

*v.*

LEROY HARRIS.

Argued May 6, 1969.
Decided June 3, 1969.

*Nicholas R. Aeschliman* (by brief and orally), for the complainant.

*Robert R. Renfro* (by brief and orally), for the defendant.

GRIFFITH, J. Complaint filed in the Portsmouth district court alleging that the defendant had threatened to kill complainant and her daughter. The complaint asked that the defendant be ordered to recognize with sureties to keep the peace toward all people of the state, and especially toward complainant and her family for a term not to exceed one year. The district court (*Thomas E. Flynn, Jr.*) transferred without ruling the question of whether this stated a proper complaint under RSA 608:1.

The applicable sections of the statute are as follows: 608:1 COMPLAINT. Anyone fearing that another person may do injury to himself, his family or property, may make complaint thereof, under oath, before a justice, who shall, by warrant, cause the person accused to be brought before him or some other justice for examination.

608:2 ORDER. If, upon hearing the parties and their evidence, it appears to the justice that there is just cause to fear that such offense may be committed he may order such party to recognize, with sufficient sureties, in a reasonable sum, to keep the peace toward all the people of the state, and especially toward the complainant, for a term not exceeding one year, to pay costs of prosecution, and to stand committed until the order is complied with.

Defendant argues that section 1 of the statute is directed to a situation where there is fear the defendant will injure himself and not that he may injure the complainant.

Statutes are not construed by picking out a phrase for literal interpretation without reference to the legislative intent of the statute as a whole. "If a literal construction of a statute does violence to the apparent policy of the Legislature, it will be rejected." *Newell* v. *Moreau*, 94 N. H. 439, 446.

The statute in its present form first appears in G.S. 238:1 and 2 (1867) and refers to R.S. 222:9 and C.S. 237:9 as the source of sections 1 and 2. The pertinent language from the earlier sections read as follows: "Any justice may order any person arrested for a criminal offense, or against whom a complaint under oath has been made by any other person fearing injury to his person or property . . . ." The ambiguity relied upon by the defendant is clearly absent in the above language. "Where the law antecedently to the revision was settled . . . by clear expressions in the statutes . . . the mere change of phraseology shall not be deemed a change of the law, unless such phraseology evidently purports an intention of the legislature to work a change." *Burnham* v. *Stevens*, 33 N. H. 247, 256.

There are additional factors militating against the construction urged by the defendant. Section 2 of the statute above-quoted provides that a surety will be furnished to keep the peace toward all the people of the state and especially complainant. If the injury feared was injury to the defendant he would not be required to furnish surety against injury to everyone but himself. "All parts of [a statute] must be considered together" (*Hall* v. *Brusseau*, 100 N. H. 87, 89) and here the consideration of sections 1 and 2 together make it clear that the injury feared was to complainant and that the purpose of the statute is to protect complainant and the public from injury by the defendant. "When the words used are susceptible of a double construction, as is the case here, that sense is to be adopted which best

harmonizes with the context and the apparent policy and objects of the legislation." *Hackett* v. *Gale,* 104 N. H. 90, 92. The complaint is properly brought under RSA 608:1 and 2.

*Remanded.*

All concurred.