Strafford
No. 2003-006

### THE STATE OF NEW HAMPSHIRE

v.

### MICHAEL D. RIX

Argued: September 17, 2003
Opinion Issued: October 10, 2003

*Peter W. Heed,* attorney general (*Susan P. McGinnis,* assistant attorney general, on the brief and orally), for the State.

*David M. Rothstein,* deputy chief appellate defender, of Concord, and *Patrick W. Fleming,* of Portsmouth (*Mr. Rothstein* on the brief, and *Mr. Fleming* orally), for the defendant.

BROCK, C.J. The defendant, Michael D. Rix, pleaded guilty to driving a motor vehicle in violation of the habitual offender statute. *See* RSA 262:23, I (Supp. 2002). He was sentenced to five to ten years imprisonment. On appeal, he argues that the Superior Court (*Mohl,* J.) erred in sentencing him to an extended term of imprisonment pursuant to RSA 651:6, II(a) (1996). We vacate the sentence and remand.

In 1984, the defendant was certified as a habitual offender. In January 2002, he was arrested in Rochester for driving his car in violation of his habitual offender status. After being indicted by the grand jury on one felony count of violating the habitual offender statute, *see* RSA 262:23, I, the defendant pleaded guilty.

Because the defendant had been twice previously convicted and imprisoned on sentences in excess of one year, the State argued that he is subject to the provisions of RSA 651:6, II(a) (1996) which provide for extended sentences. *See* RSA 651:6, I(c) (Supp. 2002). The defendant objected, arguing that the sentence enhancement authorized by RSA 651:6, II(a) conflicted with the habitual offender statute, RSA 262:23, I. The superior court disagreed. The defendant now appeals.

In resolving the issue before us, we examine the language of the relevant statutes. RSA 262:23, I, states, in pertinent part:

> If any person found to be an habitual offender under the provisions of this chapter is convicted of driving a motor vehicle... while an order of the director or the court prohibiting such operation is in effect, he or she shall be guilty of a felony and sentenced, *notwithstanding the provisions of RSA title LXII*, to imprisonment for not less than one year nor more than 5 years.

(Emphasis added.) In relevant part, RSA 651:6, II(a) provides that a minimum sentence "of *not more than 10 years and a maximum to be fixed by the court of not more than 30 years*" may be imposed upon a defendant convicted of any felony, other than murder, who has twice previously been imprisoned on sentences in excess of one year. RSA 651:6, II(a) (emphasis added). Given that RSA title LXII is the Criminal Code, *see* RSA 625:1 (1996), and that RSA 651:6 is a sentencing provision within it, the defendant argues that the habitual offender statute expressly precludes the application of conflicting terms of imprisonment available under Criminal Code provisions. To the contrary, the State argues that nothing in the language of RSA 262:23, I, conflicts with RSA 651:6. Rather, RSA 651:6 "merely provides an *alternative* extended sentence for certain offenses which the trial court may impose provided certain criteria are met." *State v. Hennessey*, 142 N.H. 149, 162 (1997). Guided by our principles of statutory interpretation, we disagree with the State.

On questions of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. *State v. Tallard*, 143 N.H. 228, 229 (1998). When construing the meaning of a statute, we first examine the language found in the statute, and where possible, we ascribe the plain and ordinary meanings to words used. *State v. Bernard*, 141 N.H. 230, 233 (1996). Courts can neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include. *Id.* When the language of a statute is plain and unambiguous, we need not look beyond the statute itself for further indications of legislative intent. *State v. Hill*, 146 N.H. 568, 575 (2001). Because we conclude that the language of RSA 262:23, I, is unambiguous, we need not examine its legislative history.

Moreover, we read statutory provisions not in isolation, but in the context of the overall statutory scheme. *State v. Ferguson*, 141 N.H. 438, 440 (1996). When interpreting two statutes which deal with a similar subject matter, we will construe them so that they do not contradict each other, and so that they will lead to reasonable results and effectuate the

legislative purpose of the statute. *Id.* A specific law is deemed to control a specific case over a general law. *State v. Gifford*, 148 N.H. 215, 217 (2002).

RSA 262:23 (Supp. 2002) directly addresses the penalties to be imposed upon habitual offenders. *Petition of the State of New Hampshire (State v. Langille)*, 139 N.H. 705, 707 (1995). "The statute requires a mandatory minimum sentence unless the underlying offenses do not include convictions for DWI or any misdemeanor or felony motor vehicle convictions, or the defendant faced an emergency situation." *Id.* Ascribing the plain meaning to RSA 262:23, I, we conclude that it also prescribes the maximum period of incarceration that can be imposed upon a habitual offender. The statute states that a habitual offender shall be sentenced, "notwithstanding the provisions of RSA title LXII, to imprisonment for not less than one year *nor more than 5 years.*" RSA 262:23, I (emphasis added). The ordinary meaning of "notwithstanding" is "without prevention or obstruction from or by" or "in spite of." *Appeal of Cote*, 144 N.H. 126, 129 (1999).

■ The underlying terms of imprisonment authorized by RSA 262:23, I, and RSA 651:6, II(a) conflict — the former provides for a maximum of five years imprisonment, while the latter provides for up to thirty years imprisonment. The plain meaning of the introductory phrase "notwithstanding the provisions of RSA title LXII," signals the legislature's intent concerning this conflict; RSA 262:23, I, must govern. *See id.* at 130. The plain meaning of that statute limits the maximum period of incarceration to which a habitual offender may be sentenced to five years. *See State v. Dean*, 115 N.H. 520, 522 (1975) (holding that a specific provision of the habitual offender statute controlled over a general provision of the Criminal Code).

We reject the State's assertion that the defendant is a repeat habitual offender who may properly receive an enhanced sentence due to his recidivism. While we agree that sentence enhancements based upon prior convictions are designed to punish recidivism, *see State v. LeBaron*, 148 N.H. 226, 231 (2002), the State's analysis overlooks both the realities of habitual offender status as well as the purpose of the habitual offender statute. By its very nature, habitual offender certification is imposed upon repeat offenders, and RSA 262:23 is designed specifically to punish their recidivism. *Id.* at 230; *see also State v. Canney*, 132 N.H. 189, 192 (1989) (holding that RSA 262:23 is aimed, in part, at discouraging repeated traffic violations and punishing habitual offenders). "The legislature . . . has determined that . . . violators of the habitual offender law must be dealt with severely"; through RSA 262:23, it has chosen to impose upon them up to five years imprisonment for violating their habitual offender

certification. *State v. O'Brien*, 132 N.H. 587, 592 (1989). To apply RSA 651:6, II(a) in addition to the penalties already prescribed by RSA 262:23, I, would be antithetical to the habitual offender statutory scheme.

It is the province of the legislature "to enact laws defining crimes and to fix the degree, extent and method for punishment." *Dean*, 115 N.H. at 522 (quotation omitted). We defer to the legislature's determination that five years imprisonment is the appropriate maximum period of incarceration that may be imposed upon habitual offenders. A trial court cannot impose a sentence in violation of those statutory limitations. *See Petition of the State of New Hampshire (State v. Langille)*, 139 N.H. at 708. To the extent that the legislature may in the future determine that repeat habitual offenders should be subjected to harsher periods of incarceration, it remains free to amend the statute. This court, however, will not interpret the existing statute in contravention of its plain meaning. Accordingly, we vacate the defendant's sentence and remand for resentencing.

*Sentence vacated and remanded.*

BRODERICK, NADEAU, DALIANIS and DUGGAN, JJ., concurred.