Original
No. 2004-898

PETITION OF THE STATE OF NEW HAMPSHIRE
(State v. Campbell)

Argued: July 13, 2005
Opinion Issued: August 12, 2005

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Green & Utter, P.A.*, of Manchester (*Philip H. Utter* on the brief and orally), for the defendant.

BRODERICK, C.J. By petition for a writ of certiorari, the State of New Hampshire challenges a sentencing order of the Superior Court (*Groff*, J.). We grant the petition, vacate the sentence and remand.

The following facts are undisputed. The defendant, Michael P. Campbell, pled guilty to one count of operating a motor vehicle while certified as a habitual offender, *see* RSA 262:23 (2004), and was sentenced on November 17, 2004. The day before sentencing, he filed a sentencing memorandum requesting to serve a portion of his sentence in home confinement. He based his request upon his reading of the applicable statutes, and his right to equal protection under Part I, Articles 1 and 2 of the New Hampshire Constitution, and the Fifth and Fourteenth Amendments to the Federal Constitution. The trial court sentenced the defendant, in relevant part, to the Hillsborough County House of Corrections (HOC), stand committed, for twelve months, with three months to be served at the HOC and the remainder to be served under home confinement. The State moved to reconsider the sentencing order, arguing that because the HOC did not have a home confinement program, the home confinement portion of the sentence was unlawful. The motion was denied. Thereafter, the State petitioned this court for a writ of certiorari.

Review on certiorari is an extraordinary remedy, usually available only in the absence of a right to appeal, and only at the discretion of the court, to determine whether another tribunal has acted illegally in respect to jurisdiction, authority or observance of the law, or has engaged in an unsustainable exercise of discretion or has acted arbitrarily or capriciously. *Citizens of E. Derry Fire Precinct v. Town of Derry*, 148 N.H. 510, 512 (2002). We exercise our power to grant the writ sparingly and only where to do otherwise would result in substantial injustice. *In re Ryan G.*, 142 N.H. 643, 645 (1998).

At oral argument, defense counsel informed the court that the HOC transferred the defendant shortly after he was sentenced to a correctional facility in Cheshire County, where the defendant was subsequently placed on home confinement. He further explained that the incarceration and home confinement period of the defendant's sentence would end the week following oral argument. Thus, this case is moot. However, the issue raised here is likely to recur but continue to evade review given the nature of sentences applicable to habitual offenders. *See Concord Orthopaedics Prof. Assoc. v. Forbes*, 142 N.H. 440, 442 (1997). Accordingly, we do not dismiss the State's petition for a writ of certiorari.

In determining whether the trial court imposed a lawful sentence, we consider several statutes. We begin by examining RSA 262:23, I, which provides, in relevant part:

It shall be unlawful for any person to drive any motor vehicle on the ways of this state while an order of the director or the

court prohibiting such driving remains in effect. If any person found to be an habitual offender under the provisions of this chapter is convicted of driving a motor vehicle on the ways of this state while an order of the director or the court prohibiting such operation is in effect, he or she shall be guilty of a felony and sentenced, notwithstanding the provisions of RSA title LXII, to imprisonment for not less than one year nor more than 5 years. No portion of the minimum mandatory sentence shall be suspended .... Any sentence of one year or less imposed pursuant to this paragraph shall be served in a county correctional facility. *The sentencing court may order that any such offender may serve his or her sentence under home confinement pursuant to RSA 651:19 based on the rules and regulations of the county correctional facility where the sentence is to be served for the minimum mandatory term or any portion thereof, provided the offender first serves 14 consecutive days of imprisonment prior to eligibility for home confinement.*

(Emphasis added.) The relevant portion of RSA 651:19 (Supp. 2004) states:

A sentencing court may order any person who has been committed to a correctional institution ... under a criminal sentence ... to serve the sentence under home confinement, *provided the correctional facility has a home confinement program.*

(Emphasis added.) RSA 651:2, V(b) (Supp. 2004) provides:

In cases of persons convicted of felonies or class A misdemeanors, or in cases of persons found to be habitual offenders within the meaning of RSA 259:39 and convicted of an offense under RSA 262:23, the sentence may include, *as a condition of probation,* confinement to a person's place of residence for not more than one year in case of a class A misdemeanor or more than 5 years in case of a felony. Such home confinement may be monitored by a probation officer and may be supplemented, as determined by the department of corrections or by the county department of corrections, by electronic monitoring to verify compliance.

(Emphasis added.) Finally, RSA 651:2, V(e) (Supp. 2004) states:

The department of corrections and the various county departments of corrections shall adopt rules governing eligibility

for home confinement, intensive supervision and special alternative incarceration programs.

The trial court's order denying the State's motion to reconsider states, in relevant part:

> The motion to reconsider is DENIED. The Court did not suspend any portion of the defendant's mandatory minimum sentence. The Court simply ordered that four months (now reduced to three months) of his sentence of incarceration be served at home confinement pursuant to RSA 651:19.
>
> RSA 651:2[,] V specifically provides that ["]in cases of persons found to be habitual offenders within the meaning of RSA 259:39 and convicted of an offense under RSA 262:23, the sentence may include, as a condition of probation, confinement to a person[']s place of residence . . . . Such home confinement may be monitored by a probation officer and may be supplemented[,] as determined by the [d]epartment of [c]orrection[s] or by the [c]ounty [d]epartment of [c]orrections, by selective monitoring to verify compliance." The Court concedes that RSA 651:19 provides for home confinement, "provided the correctional facility has a home confinement program." However, RSA 651:19 and RSA 651:2[,]V are inconsistent with each other and must be reconciled. The Court has determined that the above sentence is lawful under a reasonable interpretation of the statute in light of the ambiguity caused by their apparent inconsistency.

(Brackets added.)

The State maintains that the plain language of RSA 651:19 allows for home confinement only when the correctional facility has such a program, and argues that the trial court erred in concluding that RSA 651:2 is inconsistent with that provision. The defendant argues that the trial court's sentencing order was lawful because the plain language of RSA 651:19 provides two alternatives for sentencing: home confinement if the correctional facility has a home confinement program, or home confinement under terms and conditions ordered by the court if the facility has no such program. He further contends that if RSA 651:19 only allows for home confinement when the correctional facility has a home confinement program, it is inconsistent with RSA 651:2, V(b), which provides for courts to order home confinement to be monitored by the probation department, and RSA 651:2, V(e), which requires the department of corrections and the various county departments of corrections to develop home confinement rules. We agree with the State.

In matters of statutory interpretation, we first examine the language of the statute. When the language of a statute is plain and unambiguous, we need not look beyond it. We construe Criminal Code provisions according to the fair import of their terms and to promote justice. We review the trial court's interpretation of a statute *de novo*. *State v. Hudson*, 151 N.H. 688, 690 (2005).

■ RSA 262:23 provides that sentencing to home confinement for those subject to the statute may be done "pursuant to RSA 651:19 based on the rules and regulations of the county correctional facility where the sentence is to be served for the minimum mandatory term or any portion thereof." The plain language of RSA 651:19 unambiguously permits sentencing courts to order any person who has been committed to an institution other than State prison to serve the sentence under home confinement, "provided the correctional facility has a home confinement program." Thus, pursuant to RSA 651:19, sentencing to home confinement under RSA 262:23 may only occur if the applicable correctional facility has a home confinement program.

We reject the defendant's attempt to read into RSA 651:19 a second circumstance under which home confinement may be ordered. He focuses on the portion of the statute that states:

> In any case, the defendant shall first serve 14 consecutive days prior to eligibility for home confinement, or for such other purpose as the court may deem conducive to his or her rehabilitation, for such times or intervals of time and under such terms and conditions as the rules and regulations of the correctional facility may allow or as the court may order.

■ The defendant's argument that this portion of RSA 651:19 authorizes a court to order the terms and conditions of home confinement in the absence of a program at the correctional facility is misplaced. The last clause of this portion of the statute allows courts to order "times or intervals of time" and "terms and conditions." This clause, however, does not relate back to home confinement. Rather, it relates back to the clause that refers to "such other purpose." The term "other" is critical here; it distinguishes what follows from "home confinement" referenced at the beginning of this portion of the statute. Thus, the statute authorizes courts to order "times or intervals of time" and "terms and conditions" of matters *other* than home confinement, and gives no such authorization with respect to home confinement.

■ RSA 651:2, V(b) permits sentences for those convicted under RSA 262:23 to include home confinement "as a condition of probation," and

further specifies that "[s]uch home confinement may be monitored by a probation officer and may be supplemented, as determined by the department of corrections or by the county department of corrections, by electronic monitoring to verify compliance." This provision unambiguously provides that home confinement monitored by a probation officer is a permissible component of a sentence under RSA 262:23 when it is a condition of probation. Thus, RSA 651:2, V(b) does not conflict with RSA 651:19. By its clear language, RSA 651:2, V(b) does not supplant home confinement as a portion of the mandatory minimum sentence under RSA 262:23; it provides for home confinement as a condition of probation for those sentenced under RSA 262:23, and allows that such home confinement may be monitored solely by a probation officer and may be supplemented, as determined by the department of corrections or the county department of corrections, with an electronic monitoring device.

The defendant contends that RSA 651:2, V(e) conflicts with RSA 651:19 because "it is clear that each county department of corrections must establish rules for home confinement [under RSA 651:2, V(e)]. Therefore, to simply assert that there can be no home confinement because [the HOC has] no electronic bracelet program does not address the overall issue." We disagree.

First, the fact that RSA 651:2, V(e) requires the department of corrections and the various county departments of corrections to develop rules governing eligibility for, among other things, home confinement, does not mean that each facility has a home confinement program sufficient to allow a sentence to home confinement under RSA 262:23. RSA 651:2, V(b), as discussed, allows for home confinement as a condition of probation, to be monitored by a probation officer. RSA 651:2, V(e) is fairly read as encompassing rules governing eligibility for home confinement both as a condition of probation, and as an alternative to incarceration under RSA 262:23 pursuant to RSA 651:19. Thus, the mandate regarding rules of eligibility contained in RSA 651:2, V(e) does not lead to the conclusion the defendant would have us reach: that the absence of an electronic monitoring, or "bracelet," program does not mean that there is no home confinement program within the meaning of RSA 262:23 and, by reference, RSA 651:19.

■ Second, the statutory scheme at issue evidences the legislature's intent that an electronic bracelet program be a component of home confinement under RSA 262:23 and RSA 651:19. RSA 651:2, V(b) allows for home confinement as a condition of probation, and specifically notes that such home confinement may be monitored solely by a probation officer or, as determined by the department of corrections or by the county

department of corrections, may be supplemented by electronic monitoring. RSA 262:23 and RSA 651:19 simply refer to home confinement and make no allowance for monitoring by a probation officer. The defendant does not argue that home confinement can be monitored by means other than a probation officer or an electronic bracelet, and we are not aware of any other means by which monitoring can be done. Thus, for purposes of this case, we assume that any home confinement program as an alternative to incarceration for a person convicted of driving as a habitual offender necessarily requires monitoring for compliance by an electronic bracelet. Otherwise, the legislature would have specified, as it did in RSA 651:2, V(b), that home confinement under RSA 262:23 and RSA 651:19 could be monitored by a probation officer. Consequently, because the HOC does not have an electronic bracelet program, it does not have a home confinement program within the meaning of RSA 262:23 and RSA 651:19.

■ Accordingly, for all of the reasons discussed, we conclude that the trial court erred in sentencing the defendant to home confinement. The parties agree that the HOC does not have an electronic bracelet program, which, as discussed, we assume is a necessary component for home confinement under RSA 262:23 and RSA 651:19. Therefore, because the HOC, for purposes of this case, does not have a home confinement program under RSA 651:19, the trial court lacked authority to sentence the defendant to anything less than the mandatory minimum sentence under RSA 262:23, which is one year of imprisonment in a county correctional facility. *See Petition of the State of New Hampshire (State v. Langille)*, 139 N.H. 705, 707-08 (1995) (mandatory minimum sentence under RSA 262:23 is one year imprisonment and courts lack legal authority to order lesser term of imprisonment).

At oral argument, the defendant stated that his equal protection claim was not properly before this court. As such, he has waived the issue and we decline to address it further.

*Petition granted; sentence vacated; and remanded.*

NADEAU, DALIANIS and DUGGAN, JJ., concurred.