Hillsborough-southern judicial district
No. 2008-135

THE STATE OF NEW HAMPSHIRE

v.

MICHELLE CHRISICOS

Argued: September 16, 2008
Opinion Issued: November 7, 2008

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Bernstein, Bartis & Mello, PLLC*, of Nashua (*Adam Bernstein* on the brief and orally), for the defendant.

HICKS, J. The defendant, Michelle Chrisicos, appeals an order of the Superior Court (*Groff*, J.) sentencing her to twelve months in the House of Corrections, stand committed. The State cross-appeals, challenging the trial court's conclusion that the home confinement provisions of RSA 262:23 (2004) (amended 2006) violate the Equal Protection Clause of the New Hampshire Constitution. *See* N.H. CONST. pt. I, arts. 1, 2. We reverse the ruling that RSA 262:23 is unconstitutional and affirm the sentence.

The trial court's order recites, or the record reveals, the following facts. On August 15, 2006, the defendant was indicted for driving a motor vehicle while deemed a habitual offender, in violation of RSA 262:23. While prosecution for that offense was pending, the defendant was indicted on November 21, 2006, for a subsequent violation of RSA 262:23. The State then prosecuted both indictments jointly.

The defendant pled guilty to both counts under a capped plea agreement, pursuant to which:

> [T]he State requested two concurrent sentences of one to two years in the New Hampshire State Prison, stand committed, with home confinement at the discretion of the prison administration in accordance with its rules and regulations. The defendant sought a sentence to the House of Corrections, deferred for two years, with monitoring during the deferral period as "house arrest" by the probation department. The defendant requested one year of probation.

At the sentencing hearing, the court determined that it was prevented from imposing the defendant's requested sentence by *Petition of State of New Hampshire (State v. Campbell)*, 152 N.H. 515 (2005). In *Campbell*, we held that "pursuant to RSA 651:19, sentencing to home confinement under RSA 262:23 may only occur if the applicable correctional facility has a home confinement program." *Campbell*, 152 N.H. at 520. We further concluded that because the Hillsborough County House of Corrections "does not have

an electronic bracelet program, it does not have a home confinement program within the meaning of RSA 262:23 and RSA 651:19," and, therefore, held that the trial court erred in sentencing the defendant to home confinement. *Id.* at 522.

The trial court first noted that due to its lack of a home confinement program, Hillsborough County is the only New Hampshire county "in which a defendant is doomed to serve the full minimum mandatory sentence at the House of Corrections." The court then ruled RSA 262:23, I, facially unconstitutional as violating the defendant's State constitutional right to equal protection.

Notwithstanding that ruling, the court found that the defendant did not qualify for home confinement where she had been charged with two distinct violations of RSA 262:23. The court based its ruling upon the plain language of RSA 262:23, I, which provides, in pertinent part:

> Any sentence of one year or less imposed pursuant to this paragraph shall be served in a county correctional facility. The sentencing court may order that any such offender may serve his or her sentence under home confinement pursuant to RSA 651:19 based on the rules and regulations of the county correctional facility where the sentence is to be served for the minimum mandatory term or any portion thereof, provided the offender first serves 14 consecutive days of imprisonment prior to eligibility for home confinement. Habitual offenders shall only be eligible for the home confinement program once per lifetime.

RSA 262:23, I.

Citing the phrase "once per lifetime," the trial court concluded that "[u]nder the plain language of the statute, the defendant could not be sentenced to home confinement on the second indictment." The court reasoned that "[e]ven if the sentences were ordered to run concurrently, the defendant would be required to serve her stand-committed sentence at the same time she was serving home confinement under the first sentence. The home confinement sentence would be subsumed by the stand-committed sentence." The court therefore sentenced the defendant, on both indictments concurrently, to twelve months at the house of corrections, stand committed.

On appeal, the defendant argues that the trial court erred in finding her ineligible for home confinement. She contends that RSA 262:23 does not prohibit concurrent sentences that include a home confinement component because "[t]he plain language of [the statute] does not limit the availability of home confinement sentencing to defendants charged or convicted of only one habitual offender offense." We note that before the superior court, the

State agreed with the defendant that RSA 262:23 did not preclude home confinement for a defendant charged with two separate violations of that statute. It has reconsidered that position on appeal.

■ For purposes of this appeal, we assume, without deciding, that the defendant is correct that she is eligible for home confinement under RSA 262:23 despite having been charged with two violations of that statute, and we turn to the constitutional ruling appealed by the State. Notwithstanding our "longstanding policy against reaching a constitutional issue in a case that can be decided on other grounds," *Britton v. Town of Chester*, 134 N.H. 434, 441 (1991), we choose to reach the constitutional issue, without deciding the statutory question, for reasons of judicial economy. *Cf. State v. Porelle*, 149 N.H. 420, 422 (2003) (addressing constitutional claim in interest of judicial economy). This case presents RSA 262:23 not as an untested statute, with the presumption of constitutionality intact, *see Petition of N.H. Bar Assoc.*, 151 N.H. 112, 115 (2004), but as a statute already declared facially unconstitutional by the superior court. In light of the uncertainty raised by the trial court's ruling, the issue of RSA 262:23's constitutionality will likely continue to arise until a definitive declaration is made by this court. Accordingly, we consider "immediate resolution of [the constitutional] issue both necessary and prudent." *Petition of N.H. Bar Assoc.*, 151 N.H. at 113.

■ In a previous order, we assumed, without deciding, that the State's cross-appeal should be treated as a petition for writ of certiorari, which we accepted.

> Review on certiorari is an extraordinary remedy, usually available only in the absence of a right to appeal, and only at the discretion of the court, to determine whether another tribunal has acted illegally in respect to jurisdiction, authority or observance of the law, or has engaged in an unsustainable exercise of discretion or has acted arbitrarily or capriciously. We exercise our power to grant the writ sparingly and only where to do otherwise would result in substantial injustice. Here, we grant review because certiorari is the only avenue by which the State may appeal the sentencing order at issue in this case.

*Petition of State of N.H. (State v. Marcoux)*, 154 N.H. 118, 121 (2006) (citations omitted).

In addressing the constitutional issue, we consider both RSA 262:23 and RSA 651:19, as RSA 262:23, I, refers to "home confinement pursuant to RSA 651:19." RSA 262:23, I. RSA 651:19, at the time of the defendant's offenses, provided in part:

A sentencing court may order any person who has been committed to a correctional institution other than state prison under a criminal sentence may be released therefrom for the purpose of obtaining and working at gainful employment, for the performance of uncompensated public service as provided in RSA 651:68-70, or to serve the sentence under home confinement, *provided the correctional facility has a home confinement program.*

RSA 651:19 (2007) (amended 2007) (emphasis added).

■ "The constitutionality of a statute involves a question of law, which we review *de novo.*" *Gonya v. Comm'r, N.H. Ins. Dep't*, 153 N.H. 521, 524 (2006) (quotation omitted). We note that although the trial court did not undertake a separate federal constitutional analysis, the statute's validity under both the State and Federal Constitutions was before the court, and is now presented to us. *See* U.S. CONST. amend. XIV, § 1; N.H. CONST. pt. I, arts. 1, 2. We first address the defendant's claim under the State Constitution, *State v. Ball*, 124 N.H. 226, 231 (1983), and cite federal opinions for guidance only, *id.* at 232-33.

In considering an equal protection challenge under our State Constitution, we must first determine the appropriate standard of review by examining the purpose and scope of the State-created classification and the individual rights affected. . . . [A]bsent some infringement of a fundamental right, an important substantive right, or application of some recognized suspect classification, the constitutional standard to be applied is that of rationality.

*In re Sandra H.*, 150 N.H. 634, 637-38 (2004) (quotation omitted). On appeal, neither party seeks application of a more stringent standard than rational basis.

■ Under the rational basis test, we determine whether the challenged legislation is "rationally related to a legitimate state interest." *Verizon New England v. City of Rochester*, 156 N.H. 624, 630 (2007). The party challenging the alleged statutory classification "has the burden to prove that the [classification] is arbitrary or without some reasonable justification" and "to negative every conceivable basis which might support [the classification], whether or not the basis has a foundation in the record." *Id.* at 631 (quotations omitted).

The trial court found and ruled:

[T]he classification of allowing home confinement only in counties with a home confinement program does not have a rational

relationship to the legislative intent and purpose of RSA 262:23 and RSA 262:18. The legislative history indicates that the goals behind home confinement were to minimize the disruption to the offender and family, to lessen the economic loss to the family unit, and to save the Department of Corrections the expense of housing habitual offenders. The failure of the legislature to provide for home confinement programs in each county actually contradicts its expressed intent.

(Citation omitted.)

■ The State argues that the trial court erred by inquiring into the actual intent of the legislature in enacting the challenged statute. As the United States Supreme Court has noted, "because we never require a legislature to articulate its reasons for enacting a statute, it is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature." *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 315 (1993). Nevertheless, even without inquiring into whether the purpose cited by the trial court actually motivated the legislature, we conclude that it is a conceivable purpose to which the statute is rationally related. We start with the not unreasonable premise that providing sentencing judges in counties with a home confinement program the option of sentencing habitual offenders to home confinement is rationally related to the goals of "minimiz[ing] the disruption to the offender and family, . . . lessen[ing] the economic loss to the family unit, and . . . sav[ing] the Department of Corrections the expense of housing habitual offenders." We now inquire whether the legislature was required to implement those goals in all counties.

In *Opinion of the Justices (Misdemeanor Trial De Novo)*, 135 N.H. 549 (1992), we considered proposed legislation instituting a pilot program for defendants convicted of misdemeanors in district court in Rockingham County that would replace the right to a trial *de novo* in superior court with the right to a jury trial in district court and a direct appeal of issues of law to this court. We concluded, under the rational basis test, that the proposed legislation did not violate equal protection:

The legitimate State interest here is reducing State expenditures and delivering justice more efficiently. The classification drawn by the bill, between Rockingham County defendants and defendants in the other nine counties, results from the legislature's decision to test the efficacy of the new system in one county before mandating this new system throughout the State. In other words, the pilot program is specifically created to determine whether the elimination of the trial *de novo* system will actually reduce State

expenditures and deliver justice more efficiently as intended. The classification created by the program is thus perforce rationally related to a legitimate State interest.

*Opinion of the Justices*, 135 N.H. at 553-54.

In the instant case, the State argues that "[i]t was not irrational here for the legislature to permit each county to decide for itself whether the benefits of a home confinement program would outweigh the costs for that county." The defendant counters that this argument "overlooks the trial court's factual findings and legislative history" and notes that the State "did not present any evidence to explain the lack of a home confinement program" in Hillsborough County.

■ We will not, however, "independently examine the factual basis which justifies the disparate treatment alleged by the [defendant] in this case." *Appeal of Salem Regional Med. Ctr.*, 134 N.H. 207, 215 (1991). Rather, as noted above, the defendant has the burden "to negative every conceivable basis which might support [the classification], whether or not the basis has a foundation in the record." *Verizon New England*, 156 N.H. at 631 (quotation omitted). We conclude that it is not inconceivable that the legislature could have intended to allow each county to undertake a separate cost-benefit analysis with respect to a home confinement program. We also cannot conclude that such a purpose is irrational.

■ ■ Furthermore, we noted in *Opinion of the Justices* that "[e]ven where no pilot program is used to justify a territorial discrepancy in the administration of justice, courts have often upheld intra-state differences if persons within each territory were treated alike and constitutional protections were not otherwise abridged." *Opinion of the Justices*, 135 N.H. at 554. This outcome follows from the principles that equal protection "relates to equality between persons as such rather than between areas" and that "[t]erritorial uniformity is not a constitutional requisite." *Salsburg v. Maryland*, 346 U.S. 545, 551, 552 (1954) (construing Federal Equal Protection Clause). As the United States Supreme Court has said of the Fourteenth Amendment: "It contemplates persons and classes of persons. It has not respect to local and municipal regulations that do not injuriously affect or discriminate between persons or classes of persons within the places or municipalities for which such regulations are made." *Missouri v. Lewis*, 101 U.S. 22, 30 (1879).

■ Here, the defendant is treated no differently than any other defendant convicted in Hillsborough County of violating RSA 262:23, I, for no such defendant is eligible for home confinement. *Cf. State v. Little*, 66 P.3d 1099, 1100-01 (Wash. Ct. App.) (finding no equal protection violation in

availability of drug court program in some counties but not others, reasoning that because "no defendants charged with drug-related crimes had access to a drug court program in Grays Harbor County at the time of Little's prosecution . . . [he] was treated no differently than other similarly situated drug offenders in that county"), *review denied*, 81 P.3d 119 (Wash. 2003); *Lomont v. State*, 852 N.E.2d 1002, 1007 (Ind. Ct. App. 2006) (applying same reasoning to lack of forensic diversion program in county in which defendant committed crime). Stated alternatively, the defendant has not shown a classification cognizable by the Equal Protection Clause. *See Lomont*, 852 N.E.2d at 1007 ("[C]ommitting a crime contemplated by the forensic diversion program statute in a smaller county or one with limited financial resources as compared to committing such a crime in a large or resource-rich county is not a classification for equal protection purposes."); *Little*, 66 P.3d at 1101.

For the foregoing reasons, we conclude that RSA 262:23, I, does not violate the defendant's right to equal protection under the State Constitution. Because the State Constitution provides at least as much protection as the Federal Constitution under these circumstances, *see Salsburg*, 346 U.S. at 551-52; *Opinion of the Justices*, 135 N.H. at 553-54, we reach the same result under the Federal Constitution as we do under the State Constitution. We therefore reverse the trial court's ruling on the constitutionality of RSA 262:23, I, and accordingly affirm the defendant's sentence consistent with our holding in *Campbell*.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.