Rockingham
No. 2008-432

THE STATE OF NEW HAMPSHIRE

v.

DONNA HAYDEN

Argued: February 18, 2009
Opinion Issued: April 17, 2009

*Kelly A. Ayotte*, attorney general (*Susan P. McGinnis*, senior assistant attorney general, on the brief and orally), for the State.

*Christopher M. Johnson*, chief appellate defender, of Concord, on the brief and orally, for the defendant.

BRODERICK, C.J. The defendant, Donna Hayden, appeals an order of the Superior Court (*Lewis*, J.) denying her motion to dismiss a felony charge of driving while certified as a habitual offender. We affirm.

Following a hearing on January 16, 2007, the defendant was certified as a habitual offender. The certification was based upon seven convictions for violation-level offenses and one conviction for a class B misdemeanor for driving after revocation, subsequent offense. *See* RSA 263:64, VI (2004 & Supp. 2008). Her driver's license was suspended for a minimum of one year and her registration was suspended indefinitely. Pursuant to the habitual offender order, the defendant could not drive until she was decertified and her license was restored.

Less than two months later, on March 8, 2007, the defendant was arrested for driving a motor vehicle while the habitual offender order was in effect. RSA 262:23 (2004 & Supp. 2008). In June, she was indicted for the felony offense of driving while certified as a habitual offender. RSA 262:23, I. The defendant filed a motion to dismiss, arguing that she could not properly be charged with a felony offense because her certification as a habitual offender was not based upon any convictions for driving while intoxicated, class A misdemeanors or felonies. The trial court denied the motion and subsequently found her guilty, sentencing her to the house of corrections for twelve months, fourteen days to be served stand-committed and the remainder to be served on administrative home confinement. This appeal followed.

The sole issue before us is whether the trial court erred in ruling that the defendant could be charged with, and convicted of, the felony offense of driving while certified as a habitual offender pursuant to RSA 262:23, III. The defendant argues that the trial court erred in interpreting the phrase "any misdemeanor" in RSA 262:23, III as encompassing a habitual offender certification based upon a class B misdemeanor conviction. According to the defendant, RSA 625:9, IV(a) controls the interpretation of the phrase "any misdemeanor" and provides that references to misdemeanors not designated as to class shall be construed as class A misdemeanors. Because the phrase "any misdemeanor" in RSA 262:23, III does not designate a class, the defendant argues that it refers only to class A misdemeanors.

The trial court ruled that "RSA 262:23, III does not purport to actually designate any misdemeanor, without specification of the classification, so as to implicate RSA 625:9, IV. RSA 625:9, IV is not, as a consequence, applicable." (Quotation omitted.) The court also ruled that "RSA 262:23, III plainly provides that if a person's certification is at all based on '*any* misdemeanor . . . motor vehicle conviction pursuant to RSA title XXI,' then that person is not entitled to be exempted from the felony-level classification generally provided by RSA 262:23, I."

> We review the trial court's statutory interpretation *de novo*. In matters of statutory interpretation, we are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole. When examining the language of a statute, we ascribe the plain and ordinary meaning to the words used. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Further, we interpret a statute in the context of the overall scheme and not in isolation. We do not consider legislative history to construe a statute that is clear on its face.

*State v. Bernard,* 158 N.H. 43, 44 (2008) (citations omitted).

RSA 262:23, I, provides in pertinent part:

> If any person found to be an habitual offender under the provisions of this chapter is convicted of driving a motor vehicle on the ways of this state while an order of the director or the court prohibiting such operation is in effect, he or she shall be guilty of a felony and sentenced . . . to imprisonment for not less than one year nor more than 5 years.

RSA 262:23, III provides in pertinent part:

> Notwithstanding paragraph I, any person who qualifies under RSA 259:39 [habitual offender] shall not be subject to the minimum mandatory provisions of paragraph I if, and only if, that person's certification was not based on any conviction under RSA 265-A:2, I [driving under the influence of drugs or liquor] or any misdemeanor or felony motor vehicle conviction pursuant to RSA title XXI [motor vehicle offenses], and that person has not been convicted of any such offense, or any reasonably similar offense in any jurisdiction within the United States and Canada, since the date of the certification; provided, however, that any such person shall be guilty of a class A misdemeanor and may be sentenced to one year or less.

██ Pursuant to paragraph I, a person who is convicted of driving a motor vehicle while certified as a habitual offender is guilty of a felony and subject to a mandatory prison sentence. However, pursuant to paragraph III, if the habitual offender certification was not based upon a conviction for driving while under the influence or any misdemeanor or felony motor vehicle conviction, a person who is convicted of driving a motor vehicle while certified as a habitual offender is guilty of a class A misdemeanor. As we explained in *State v. LeBaron,* 148 N.H. 226 (2002), paragraph III, by beginning with the language "notwithstanding paragraph I," indicates that it sets forth an exception to an otherwise applicable rule. *Id.* at 229. "Paragraph III then describes a class of defendants who shall not be subject to the minimum mandatory sentence provisions of paragraph I, and provides an alternate, more lenient, sentencing scheme for such defendants." *Id.* at 230. Accordingly, "whether a defendant is subject to the mandatory minimum sentence of one year under paragraph I of the statute, or to a sentence of one year or less under paragraph III, depends upon whether the defendant has a conviction [for driving under the influence of drugs or liquor] or any misdemeanor or felony motor vehicle convictions pursuant to RSA title XXI." *Id.* at 229 (quotation omitted).

The defendant argues that the statutory rule of construction in RSA 625:9, IV(a)(2) (2007) requires us to interpret the phrase "any misdemeanor" as used in RSA 262:23, III to mean "any class A misdemeanor." We disagree. RSA 625:9, titled "Classification of Crimes," provides in part:

I. The provisions of this section govern the classification of every offense, whether defined within this code or by any other statute.

II. Every offense is either a felony, misdemeanor or violation.

. . . .

IV. Misdemeanors are either class A misdemeanors or class B misdemeanors when committed by an individual. . . .

(a) A class A misdemeanor is:

(1) Any crime so designated by statute within or outside this code and any crime defined outside of this code for which the maximum penalty, exclusive of fine, is imprisonment not in excess of one year; or

(2) Any crime designated within or outside this code as a misdemeanor, without specification of the classification.

■ Pursuant to RSA 625:9, when it is necessary to classify a crime designated only as "a misdemeanor," such crime will be classified a class A misdemeanor. *See State v. Bruce*, 147 N.H. 37, 43 (2001). However, the phrase "any misdemeanor" in RSA 262:23, III is not used to classify the crime of driving after certification as a habitual offender; rather, it is used to define a sentencing factor. *LeBaron*, 148 N.H. at 230. The crimes that form the basis of driving after certification as a habitual offender have already been classified.

■ While perhaps not as artfully drafted as it might have been, RSA 262:23, III is not ambiguous. *See Duke/Fluor Daniel v. Hawkeye Funding*, 150 N.H. 581, 584 (2004). "Read naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.' " *United States v. Gonzales*, 520 U.S. 1, 5 (1997) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 97 (1976)). We hold that, viewed in the context of the statutory scheme, the phrase "any misdemeanor" motor vehicle conviction encompasses both class A and class B misdemeanors.

*Affirmed.*

DALIANIS, DUGGAN and HICKS, JJ., concurred.