Hillsborough-southern judicial district
No. 2009-062

# THE STATE OF NEW HAMPSHIRE

v.

## MICHELLE CHRISICOS

Argued: September 24, 2009
Opinion Issued: November 17, 2009

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Bernstein, Bartis & Mello, PLLC*, of Nashua (*Adam Bernstein* on the brief and orally, for the defendant.

HICKS, J. The defendant, Michelle Chrisicos, appeals an order of the Superior Court (*Groff*, J.) ruling that she is ineligible for a sentence of home confinement under the terms of RSA 262:23 (2004) (amended 2006). We reverse and remand for resentencing.

This is the second time the issue of the defendant's sentence for driving after being certified as a habitual offender has come before us. *See State v Chrisicos*, 158 N.H. 82 (2008). The following facts are recited in *Chrisicos* or appear in the record before us. The defendant was indicted on August 15, 2006, for driving a motor vehicle after having been certified as a habitual offender, in violation of RSA 262:23. *Id.* at 84. On November 21, 2006, while prosecution of the August 15 offense was pending, the defendant was indicted for another violation of RSA 262:23. *Id.* The State prosecuted both indictments jointly and the defendant pled guilty under a capped plea agreement. *Id.*

Notwithstanding the plea agreement, the trial court determined that it could not sentence the defendant to home confinement. First, at that time, Hillsborough County did not have a home confinement program. *Id.* at 84-85; *see Petition of State of N.H.* (*State v. Campbell*), 152 N.H. 515, 522 (2005). Based upon the lack of a home confinement program in only one county (Hillsborough) in the state, the trial court ruled that RSA 262:23, I, was facially unconstitutional because it violated the defendant's right under the State Constitution to equal protection. *Chrisicos*, 158 N.H. at 85.

Nevertheless, the court concluded it was unable to order home confinement because the defendant had been charged with two distinct violations of RSA 262:23. *Id.* Specifically, the court ruled that the plain language of RSA 262:23, I, which limits eligibility for the home confinement program to "once per lifetime," barred the defendant from being sentenced to home confinement on the second indictment. *Id.* Thus, the court sentenced the defendant to two concurrent sentences of "twelve months at the house of corrections, stand committed." *Id.*

The defendant appealed the trial court's statutory interpretation and the State cross-appealed the constitutional ruling. *Id.* at 84. We assumed without deciding that the defendant was eligible under the statute for home confinement and addressed the constitutional issue. *Id.* at 86. We held that RSA 262:23, I, did not violate the defendant's right to equal protection, thus reversing the trial court on that issue. *Id.* at 90. We affirmed the defendant's sentence, however, based upon the unavailability of home confinement in Hillsborough County. *Id.*

The State represents that shortly before our decision in *Chrisicos* was issued, "the Hillsborough County Board of Commissioners adopted a policy to institute a program of administrative home confinement in that county." In light of this development, the trial court determined that the statutory issue we did not decide in *Chrisicos* "is now ripe for determination." Accordingly, the court stayed imposition of the defendant's sentence pending her appeal of the court's "earlier determination that RSA 262:23 prevents the defendant from obtaining the benefit of a sentence to home confinement on both indictments."

Our review of the trial court's interpretation of a statute is *de novo*. *Petition of State of N.H. (State v. Laporte)*, 157 N.H. 229, 231 (2008). "In interpreting a statute, we first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Furthermore, we interpret statutes in the context of the overall statutory scheme and not in isolation." *Id.* (citation omitted). "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." *State v. Hayden*, 158 N.H. 597, 599 (2009) (quotation omitted).

RSA 262:23, I, provides, in pertinent part:

> Any sentence of one year or less imposed pursuant to this paragraph shall be served in a county correctional facility. The sentencing court may order that any such offender may serve his or her sentence under home confinement pursuant to RSA 651:19 based on the rules and regulations of the county correctional facility where the sentence is to be served for the minimum mandatory term or any portion thereof, provided the offender first serves 14 consecutive days of imprisonment prior to eligibility for home confinement. Habitual offenders shall only be eligible for the home confinement program once per lifetime.

RSA 262:23, I.

The defendant contends that the plain language of RSA 262:23, I, does not base eligibility for a sentence of home confinement upon the number of

habitual offender violations a defendant is charged with or convicted of, but rather limits eligibility to "once per [the defendant's] lifetime." RSA 262:23, I. The State, on the other hand, asserts that the statute's language is "ambiguous on its face" and argues that the provision at issue:

> can be read to mean either, as the defendant argues, that a habitual offender is entitled to home confinement once regardless of how many convictions are involved in the first adjudication, or, as the superior court held, that a defendant may be eligible for home confinement after a single conviction, but that a second conviction forecloses such eligibility.

We will find a statutory provision ambiguous, and, therefore, consult its legislative history where there is "more than one reasonable interpretation of the[] . . . provision[]." *Appeal of Gamas*, 158 N.H. 646, 649 (2009). The interpretation urged by the State and employed by the trial court, however, is not a reasonable one because it reads a limitation of "one conviction," or language of similar import, into the statute, contrary to our rules of statutory construction. *See Hayden*, 158 N.H. at 599. Accordingly, we do not find RSA 262:23, I, ambiguous. Moreover, because the trial court read such a limitation into the statute, we conclude that it erred in finding home confinement on the second indictment categorically precluded by RSA 262:23, I. *Cf. State v. Gordon*, 148 N.H. 681, 684 (2002) (where plain language of statute required only prior convictions to trigger enhanced sentencing provision, statute did "not require that the previous convictions precede the commission of the offenses upon which an enhanced sentence is being imposed," because "[t]o conclude otherwise would impose a requirement that the legislature did not intend").

By its plain language, RSA 262:23, I, makes home confinement a sentencing option available only once in a habitual offender's lifetime. Nevertheless, the State, citing *State ex rel Fortin v. Harris*, 109 N.H. 394 (1969), and *State v. Johnson*, 134 N.H. 570 (1991), argues against reading the statute "absolutely literally" where such a reading would be inconsistent with the statute's purpose. Admittedly, we will reject "a literal construction of a statute [if it] does violence to the apparent policy of the Legislature," *Fortin*, 109 N.H. at 395 (quotation omitted), but we also "will not modify the meaning of a statute that is plain on its face," *Johnson*, 134 N.H. at 576. With these principles in mind, we consider the State's argument.

The State, citing *State v. O'Brien*, 132 N.H. 587, 592 (1989), asserts that it is "well established that the principal purpose of the [habitual offender] statutory scheme is to ensure that drivers who have proven

themselves dangerous by repeated offenses are punished severely" and argues that allowing concurrent sentences of home confinement on multiple violations is inconsistent with that purpose. We first take issue with the State's assertion that punishment is the principal purpose of the habitual offender statute. Although we have stated that "RSA 262:23 is designed specifically to punish the[] recidivism" of habitual offenders, *State v. Rix*, 150 N.H. 131, 133 (2003), we have also consistently noted that "[t]he *primary* purpose of the habitual offender statute is to foster safety on the highways. In this respect, the penalty imposed upon an habitual offender is primarily for the protection of the public in removing from the highways an operator who is a dangerous and persistent offender." *State v. Dean*, 115 N.H. 520, 524 (1975) (citation omitted; emphasis added). We note that *O'Brien* does not hold to the contrary. *See O'Brien*, 132 N.H. at 592 (stating that the legislature "has determined that protection of the public by removing dangerous drivers from highways is a serious priority and that violators of the habitual offender law must be dealt with severely").

Admittedly, the risk that a person on home confinement may still choose to drive makes it a less effective means of keeping habitual offenders off the highways than incarceration. *Cf. id.* (concluding that "[t]he imposition of a mandatory minimum sentence may be thought to be a reasonable means of protecting the public"). However, such policy considerations are for the legislature to make.

The State also speculates that the home confinement option in RSA 262:23 may have been "intended to give habitual offenders an opportunity to reform after one offense of driving while certified" and concludes that it should be unavailable where "this defendant has consciously rejected that opportunity by offending a second time." This argument is just another attempt to further penalize the defendant for her recidivism. As we noted in *Rix*, habitual offender certification is already designed to address recidivism, and we will not add to the penalty that the legislature, through the plain language of RSA 262:23, has chosen to impose upon habitual offenders. *Rix*, 150 N.H. at 133-34.

We conclude on the facts presented here that the defendant is eligible for home confinement under the plain meaning of RSA 262:23, I. We also conclude that nothing in the plain language of RSA 262:23, I, precludes the imposition of concurrent sentences of home confinement for multiple violations of the habitual offender statute, subject again to the "once per lifetime" limitation. On the other hand, it is within the trial court's discretion to decline to order home confinement under circumstances where, as here, the defendant has committed more than one violation. Of course, should the legislature disagree with our interpretation of RSA

262:23, I, it is free to amend the statute as it sees fit. *Zorn v. Demetri*, 158 N.H. 437, 441 (2009). As both the decision whether to impose a sentence of home confinement, *see* .RSA 262:23, I (sentencing court "may order" habitual offender to serve all or part of sentence under home confinement), and the "selection of either concurrent or consecutive sentences rest[] within the discretion of sentencing judges," *Duquette v. Warden, N.H. State Prison*, 154 N.H. 737, 742 (2007) (quotation omitted), we remand for the trial court's determination, in its sound discretion, of an appropriate sentence.

*Sentence vacated and remanded.*

DALIANIS and CONBOY, JJ., concurred; BRODERICK, C.J., dissented; DUGGAN, J., dissented.

BRODERICK, C.J., dissenting. Because I agree with the ruling of the trial court that the defendant, Michelle Chrisicos, is ineligible for a sentence of home confinement under the terms of RSA 262:23 (2004) (amended 2006), I respectfully dissent.

Our review of the trial court's interpretation of a statute is *de novo*. *Petition of State of N.H. (State v. Laporte)*, 157 N.H. 229, 231 (2008). "In interpreting a statute, we first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning." *Id.*

RSA 262:23, I, provides, in pertinent part:

> Any sentence of one year or less imposed pursuant to this paragraph shall be served in a county correctional facility. The sentencing court may order that any such offender may serve his or her sentence under home confinement pursuant to RSA 651:19 based on the rules and regulations of the county correctional facility where the sentence is to be served for the minimum mandatory term or any portion thereof, provided the offender first serves 14 consecutive days of imprisonment prior to eligibility for home confinement. Habitual offenders shall only be eligible for the home confinement program once per lifetime.

The defendant contends that the plain language of RSA 262:23, I, does not base eligibility for a sentence of home confinement upon the number of habitual offender violations a defendant is charged with or convicted of, but rather limits eligibility to "once per [the defendant's] lifetime." RSA 262:23, I. This argument begs the question. The statute provides that habitual offenders shall only be *eligible* for the home confinement program once per lifetime. Thus, the issue is what the legislature intended by the use of the term "eligible." The defendant would construe the statute to say that she is

"eligible" to be sentenced to the home confinement program for her first offense of driving while certified as a habitual offender *and* for her second offense of driving while certified as a habitual offender. In my view, that would make her eligible *twice* for the home confinement program, contrary to the plain language of the statute.

While I believe the plain language supports the trial court's ruling, even if I were inclined to agree that the statute could be reasonably read in the manner asserted by the defendant, I would not do so. We will not construe a statute in a manner that would render it unconstitutional when it is susceptible of a constitutional construction. *State v. Johnson*, 134 N.H. 570, 576 (1991). In my view, the defendant's construction would violate equal protection principles. For example, suppose that the defendant had a twin sister who was also arrested for driving while certified as a habitual offender on the same two days as the defendant. Because of a heavy workload at the county attorney's office, or perhaps due to a delay in the meeting of the grand jury, the sister was not indicted after her second arrest as quickly as was the defendant, resulting in the defendant being tried on both of her indictments at one trial, but her sister being tried on her two indictments in two separate trials. Both the defendant and her sister are then convicted on all charges. Under the defendant's interpretation, despite the fact that both the defendant and her sister committed the same crimes on the same dates, the defendant would be eligible for home confinement on her second conviction because she was convicted of both charges at a single trial, while her sister would be *required* to serve her sentence on her second conviction in the county correctional facility simply because she was convicted of both charges after two trials. I fail to see any rational basis that would justify such disparate treatment of defendants who, for all relevant purposes, are *identically* situated. Indeed, putting constitutional considerations aside, the injustice of mandating jail in one case while allowing home confinement in the other due solely to fortuitous events such as how often a grand jury meets would require me to reject the defendant's construction of the statute. *See State v. Fournier*, 158 N.H. 441, 446 (2009) (court construes statutes to avoid absurd or unjust results).

Furthermore, the defendant's construction skews the criteria for joining or severing charges. Whether to join the defendant's charges, for example, should turn upon such factors as whether failure to do so would constitute harassment, would unduly consume the time or resources of the parties, or would be prejudicial. *See, e.g.*, SUPER. CT. R. 97-A. Under the defendant's construction of the statute, however, joining the offenses would mean that the defendant becomes eligible for home confinement on both charges if convicted, while trying them separately would mean that the defendant

faces a mandatory sentence in jail if convicted. A defendant who would otherwise object to joinder because her defense to one charge is substantially stronger than her defense to the other, for example, might well choose to incur the prejudice of joinder in order to ensure her eligibility for home confinement if she is convicted of both. On the other hand, a prosecutor who would otherwise seek joinder because it would further judicial economy and save the resources of the parties might instead choose to oppose joinder to prevent the possibility of the defendant being twice convicted yet avoiding the mandatory jail sentence. I would not construe the statute so as to introduce such considerations into the joinder calculus.

Finally, our case law demonstrates that there should be no significance attached to the fact that the defendant's two convictions resulted from one trial instead of two. It is important to note that we are not here considering two charges that arose out of one "criminal episode." *Cf. State v. Gordon,* 148 N.H. 710, 714 (2002) (treating multiple convictions committed "simultaneously during a single spasm of criminal activity" as a single conviction for purposes of sentence enhancement (quotation omitted)). Rather, the defendant committed two separate crimes on two separate occasions, several months apart. Our case law is clear that for sentence enhancement purposes, a defendant can be subjected to an enhanced penalty for a second conviction even when the first and second convictions are both obtained in a single adjudication, as long as each conviction arose out of a separate and distinct criminal episode. *See Petition of State of N.H.,* 152 N.H. 185, 191 (2005) (stating that with exception of sentence of life without the possibility of parole, trial court may impose enhanced penalties of up to forty years in prison for each conviction beyond the first, "even when multiple convictions are obtained in a single proceeding"); *State v. Melvin,* 150 N.H. 134, 136-37 (2003). Thus, we have previously concluded that for purposes of sentencing, it matters not whether the two convictions were obtained at a single trial or at two trials.

Similarly, in *State v. Abram,* 156 N.H. 646 (2008), we rejected the State's invitation to adopt the "sentencing package" principle, pursuant to which courts presume that when a defendant is found guilty on a multi-count indictment, there is a strong likelihood that the trial court will craft a disposition in which the sentences on the various counts form part of an overall plan. *Abram,* 156 N.H. at 654-55. In rejecting this principle, we quoted approvingly the Ohio Supreme Court, which noted that the rationale for the principle fails because the state's sentencing scheme is "designed to focus the judge's attention on one offense at a time." *Id.* at 655 (quotation omitted).

These cases demonstrate that for purposes of sentencing, each of the defendant's convictions stands alone. Each conviction is considered by itself

when the defendant is sentenced. If the defendant is sentenced after a single trial for two offenses, he becomes "eligible" for enhanced penalties for the second offense based upon his conviction for the first offense, just as he would if he were twice convicted after two separate trials. Similarly, in my view, although the defendant in this case was "eligible" for the home confinement program when she was sentenced for her first conviction, she was no longer "eligible" for that program when she was sentenced on her second conviction, just as she would not have been eligible had her sentence for her second conviction been imposed following a second trial. In either case, upon being sentenced for her first conviction, she thereby exhausted her once-in-a-lifetime eligibility for home confinement.

Because the trial court's construction of the statute comports with the statute's plain language, while the defendant's construction is at best unjust and at worst unconstitutional, I respectfully dissent.

DUGGAN, J., dissenting. We need go no further than the plain language of RSA 262:23, I (2004) (amended 2006) to reject the defendant's argument. *See State v. Comeau*, 142 N.H. 84, 86 (1997) ("When a statute's language is plain and unambiguous, we need not look beyond the statute for further indications of legislative intent." (quotation omitted)). The statute makes habitual offenders eligible for home incarceration "only . . . once per lifetime." The defendant here pleaded guilty and was sentenced on two separate indictments. To sentence her to home confinement on both indictments would require the court to sentence her twice, not once. Thus, even though the court would have the discretion to make the sentences concurrent and could sentence her on the first indictment to home confinement, the "once per lifetime" option is no longer available on the second indictment. I respectfully dissent.